UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGINALD BELLE,

    *Petitioner*,

v.

J. BALTAZAR, Warden,

    *Respondent*.

Civil Action No. 17-1482 (RDM)

# **MEMORANDUM OPINION**

In 1997, Petitioner Reginald Belle was convicted and sentenced in D.C. Superior Court for a number of offenses, including burglary, assault, murder, and possession of a firearm while committing those crimes. *See* Dkt. 1 at 1, 16–17. On May 12, 2017, Belle filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the U.S. District Court for the Middle District of Pennsylvania, challenging his conviction and sentence on numerous grounds. *See* Dkt. 1. As urged by the United States Attorney for the Middle District of Pennsylvania, recommended by the magistrate judge, and agreed to by Belle, that court transferred Belle's petition to this Court on July 21, 2017.[1] Dkt. 11. For the reasons explained below, the Court will now dismiss Belle's habeas petition for lack of subject-matter jurisdiction.

---

[1] The Court notes that Belle is currently an inmate in a prison facility located within the territorial reach of the district court where Belle originally filed his habeas petition—the Middle District of Pennsylvania. Typically, "[a] 'district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.'" *Day v. Trump*, 860 F.3d 686, 689 (D.C. Cir. 2017) (quoting *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004)); *see also Ganeous v. Zickefoose*, No. 14-cv-1130 (D.D.C.), Dkt. 11 at 1 n.1 (Aug. 29, 2014) ("[T]he proper respondent [in a habeas] challenge is the warden of the facility where the prisoner is being held." (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004))). The warden of the prison facility in which Belle is being held is, obviously, not within this Court's territorial jurisdiction.

"Under D.C. Code Section 23-110, [a prisoner] seeking to collaterally attack a District of Columbia conviction or sentence must do so by filing a motion in the Superior Court and, if there unsuccessful, appealing to the District of Columbia Court of Appeals." *Void-El v. Haynes*, 440 F. Supp. 2d 1, 2 (D.D.C. 2006). The procedure devised by § 23-110 is an "exclusive" one, *id*:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 23-110] shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under [§ 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g); *see also Head v. Wilson*, 792 F.3d 102, 104 (D.C. Cir. 2015) ("Section 23-110 establishes the procedure by which a person sentenced by the [S]uperior [C]ourt can seek collateral review of his conviction or sentence," giving "the [S]uperior [C]ourt exclusive jurisdiction of virtually all collateral challenges."); *Byrd v. Henderson*, 119 F.3d 34, 36 (D.C. Cir. 1997) (per curiam) ("[A] District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court—the Superior Court—pursuant to D.C. Code § 23-110."). As the D.C. Circuit has explained, this section "entirely divest[s] the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who ha[ve] a [§] 23-110 remedy available to them, unless the petitioner c[an] show that the [§] 23-110 remedy [i]s

---

However, because the territorial-jurisdiction rule is best understood as a rule of venue and personal jurisdiction, it is subject to waiver in appropriate circumstances. *See Lane v. United States*, No. 14-cv-731, 2015 WL 6406398, at *6–7 (D.D.C. Oct. 21, 2015). Here, the warden, through his counsel, has at least implicitly waived any objection to personal jurisdiction in this district by urging the original court to transfer the petition here. *See* Dkt. 8 at 4–6. And, for his part, Belle "concedes" that "transfer of [his] petition to [this Court] . . . is in the interests of justice." Dkt. 10 at 1. Accordingly, even if this Court is not one in which Belle's habeas petition "might have been [properly] brought" in the first instance, because "all parties have consented" to this Court's jurisdiction, 28 U.S.C. § 1404 permits its transfer to this Court.

'inadequate or ineffective.'"[2] *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (quoting D.C. Code § 23-110(g)); *see also Byrd*, 119 F.3d at 37 ("In order to collaterally attack his sentence in an Article III court[,] a District of Columbia prisoner faces a hurdle that a federal prisoner does not. Namely, he must show that the relief by motion in Superior Court pursuant to [§] 23-110 of the D.C. Code 'is inadequate or ineffective to test the legality of his detention'" (citation omitted)).

Belle has made no such showing here. His habeas petition does not assert that his remedy under § 23-110 would be "inadequate" or "ineffective;" to the contrary, Belle's petition indicates that he understands the proper procedure under D.C. law but that, because neither his prison's "[e]ducation [d]ep[artment] nor [its] [c]omputer [s]ystem" provides "D.C. State Prisoners" with § "23-110 Post Conviction Applications," he presented his challenge by a way of a federal habeas petition under § 2254. Dkt. 1 at 5; *see also id.* at 12 (explaining that Belle has not presented his "grounds for relief . . . to the highest state court having jurisdiction" because he did not have access to a § "23-110 Post Conviction Application[]"). This lack of access to § "23-110 Post Conviction Applications" notwithstanding, because D.C. Code § 23-110 provides the exclusive remedy for Belle to challenge his D.C. Superior Court conviction and sentence, this Court is "without subject-matter jurisdiction to entertain [his] habeas petition," *Ganeous*, No. 14-cv-1130, Dkt. 11 at 3, and the Court must, accordingly, dismiss it.[3]

---

[2] The D.C. Circuit has also "held that § 23-110(g) does not pose a barrier to federal jurisdiction to consider a § 2254 petition asserting ineffective assistance of appellate counsel." *Lane*, 2015 WL 6406398, at *2 (citing *Williams v. Martinez*, 586 F.3d 995, 997–98 (D.C. Cir. 2009)). Because Belle's petition makes no claims regarding the effectiveness of his appellate counsel, *see* Dkt. 1, this exception is of no moment here.

[3] This is not to say that the Court is unconcerned by Belle's assertion that he does not have access to the materials necessary to file a § 23-110 motion in D.C. Superior Court. *See Bounds v. Smith*, 430 U.S. 817, 824–28 & n.17 (1977) (explaining that states "shoulder affirmative

3

For the reasons explained above, the Court will **DISMISS** Belle's petition for a writ of habeas corpus (Dkt. 1) for lack of subject-matter jurisdiction.

A separate order will issue.

                                                                         /s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: August 29, 2017

---

obligations to assure all prisoners meaningful access to the courts" which includes "'protecting the ability of an inmate to prepare a petition or complaint'" (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974))). The Court will, accordingly, request that the Clerk of the Court confer with the Clerk of the D.C. Superior Court and mail a copy of the appropriate form to Belle along with a copy of this opinion.